**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

ANA MARIA MEJIA CORTES,

     Petitioner,

v.                                                                                    No. 2:26-cv-01859-MLG-KRS

TODD BLANCHE, Acting Attorney General,
U.S. Department of Justice; et al.,

     Respondents.

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND
DIRECTING PETITIONER'S IMMEDIATE RELEASE**

Petitioner Ana Maria Mejia Cortes is a Colombian citizen who entered the United States on October 12, 2022. Doc. 1 at 1 ¶ 1. She presented herself to U.S. immigration officials upon entry and was arrested and detained. *Id.* at 1-2 ¶ 1. A few days later, she was released on her own recognizance[1] pursuant to 8 U.S.C. § 1226(a)(2)(B) and pending any future removal proceedings.[2] Doc. 1 at 2 ¶ 1; *see also* Doc. 1-3. Thereafter, she filed an application for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and temporary work authorization with the immigration court. Doc. 1 at 6 ¶ 19. While waiting for an asylum

---

[1] Section 1226 permits the release of a noncitizen from custody pending a removability determination "on 'conditional parole,'" which is synonymous with "release on recognizance." *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (noting the Government "use[s] the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)").

[2] Before making a custody determination, an immigration officer must assess whether releasing the noncitizen would "pose a danger to property or persons" and whether they are "likely to appear for any future [immigration] proceeding." 8 C.F.R. § 236.1(c)(8). Obviously, if a person is released on conditional parole, the immigration officer has found neither consideration applicable. *See also* Doc. 1 at 8 ¶ 31.

determination, Mejia Cortes "complied with the terms of her release" and "attended all Immigration Court appearances, as required by the conditions of her release on recognizance." *Id.* at 8, 21 ¶¶ 31, 63. There is no evidence on the record that Mejia Cortes has been arrested for, charged with, or convicted of any crimes. *See* Docs. 1, 7-8.[3]

Mejia Cortes files this Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Doc. 1, challenging the lawfulness of her warrantless arrest and her prolonged detention at the Otero County Processing Center without pre- or post-deprivation notice or an opportunity to respond and post bond. *Id.* at 6, 18-20 ¶¶ 24, 57, 60-62. She claims these practices are in direct violation of (1) the Fifth Amendment's Due Process Clause; (2) the bond regulations incorporated into law by the Immigration and Nationality Act ("INA"); (3) the Administrative Procedure Act ("APA"); and (4) the Fourth Amendment's prohibition on warrantless arrests. *Id.* at 23-26 ¶¶ 69-87. Mejia Cortes's proposed remedy for these alleged constitutional harms is immediate release. *Id.* at 18-22 ¶¶ 56-65.

The dispositive question presented by the Petition is whether Mejia Cortes's detention, as a noncitizen[4] who is already residing in the United States, is discretionary pursuant to 8 U.S.C.

---

[3] This background information is derived from Mejia Cortez's Verified Petition. *See* Doc. 1. The Government responded to the Petition and did not raise any factual disputes. *See* Doc. 7. The Court thus incorporates the facts presented in the Petition as true.

[4] This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

§ 1226(a) or mandatory as provided for by § 1225(b)(2)(A).[5] [6]

The Court has been presented with this same issue—as applied to similarly situated defendants—numerous times. And, as in those cases, the Court hereby finds § 1226(a) applies.[7] *See Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). This conclusion comports with binding Tenth Circuit precedent. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S.

---

[5] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

[6] Because the Court grants the Petition based on Mejia Cortes's INA and procedural due process claims, it declines to address Mejia Cortes's Fourth Amendment, APA, and substantive due process claims.

[7] This finding is further bolstered by Mejia Cortes having been released from immigration custody shortly after entry. *See* Doc. 1 at 1-2 ¶ 1. It is undisputed that Mejia Cortes was released on her own recognizance. *See* Doc. 1-3; *see also* Doc 7 (demonstrating no opposition to this assertion). So, the Court must logically conclude that Mejia Cortes was released pursuant to § 1226(a)(2) and that an immigration officer made an initial determination that she was neither a danger to the community nor a flight risk. *See* 8 C.F.R. § 236.1(c)(8); *supra* note 2.

678, 690 (2001). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. Given that § 1226(a) is controlling, Mejia Cortes is entitled—as a right—to the due process provided to her under that statute: an individualized bond hearing. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298; *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025). Mejia Cortes's continued detention without such review constitutes an ongoing violation of her right to due process. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298.

Federal courts are authorized to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (internal quotation marks omitted) (citing 28 U.S.C. § 2243); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ [of habeas corpus] is to secure release from illegal custody."); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice" (emphasis in original) (internal quotation marks omitted) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969))). Mejia Cortes has been deprived of her liberty interests since April 2026 due to Respondents' violation of § 1226(a). *See* Doc. 1 at 1 ¶ 2. The Court "acknowledges that release—whether immediate or otherwise on a bond hearing—may 'be a distinction without a difference.'" *Aguilar-Rodriguez v. Ladwig*, No. 2:26-cv-02168-TLP-tmp, 2026 WL 1266251, at *8 (W.D. Tenn. May 8, 2026) (citation modified) (quoting *Hernandez v. Ladwig*, No. 2:26-cv-02081-SHL-atc, 2026 WL 324020, at *9 (W.D. Tenn. Feb. 6, 2026)). "After all, the Government may at any time detain an illegally present noncitizen under § 1226(a), subject to a bond hearing, and thus it is not necessary for this Court to order one." *Hernandez*, 2026 WL 324020, at *9; *see also* § 1226(a).

4

Given the ongoing violation of Mejia Cortes's due process rights, the remedy that justice requires in this matter is immediate release.[8] *See Hernandez,* 2026 WL 324020, at *9. Immediate release will address the lack of due process afforded to Mejia Cortes and restore her to the status quo prior to the violation of her Fifth Amendment rights. *See id.* at *8; *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than remanding for a bond hearing). And an immigration official has already made a factual finding that Mejia Cortes is neither a flight risk nor a danger to the community such that immediate release would be inappropriate. *See supra* notes 2, 6.

Accordingly, the Court grants Mejia Cortes's Petition for Writ of Habeas Corpus. Doc. 1. Respondents shall release Mejia Cortes—and notify her counsel of such release—immediately. She shall be released with all identification documentation that she possessed on her person when detained by Respondents in April 2026, along with a copy of this Order.

If Respondents re-detain Mejia Cortes, they must provide her with a bond hearing before a neutral IJ pursuant to § 1226(a). Respondents are enjoined from pursuing Mejia Cortes's detention under 8 U.S.C. § 1225(b)(2)(A).

---

[8] Mejia Cortes argues that "a bond hearing in this case would be futile" as "[i]mmigration judges across the country have been instructed to deny bond to all noncitizens who enter the United States without inspection." *Id.* at 21-22 ¶ 65. To substantiate her concerns about futility, she alleges that "[t]he Department of Justice has actively and effectively punished immigration judges for granting bond following habeas petitions." *Id.* She attaches a declaration made under penalty of perjury by former legal counsel to ICE Headquarters, Jorge E. Artieda. *Id.* (noting the declaration was originally filed in *Briceno Solano v. Mason*, 818 F. Supp. 3d 802, 835-36 (S.D. W. Va. 2026)); Doc. 1-6 ("Immigration Judge[s] appeared to apply factors that . . . would make bond impossible for virtually any detained individual in removal proceedings. There did not appear to be meaningful individualized assessment. The hearings appeared to be perfunctory exercises designed to create a veneer of due process while ensuring predetermined outcomes."). While the Court notes that Artieda's declaration is based on his observations of Virginia- and Maryland-based immigration courts, Mejia Cortes's Petition implies that these same practices are being carried out by immigration courts across the country. *See* Doc. 1 at 21-22 ¶ 65. Respondents are silent on the matter. *See* Doc. 7.

Respondents shall file a status report within three (3) days of this Order to certify compliance. The status report shall provide the date and location in which Mejia Cortes was released from custody.[9]

Additionally, Mejia Cortes's request for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA") shall be considered. *See* Doc. 1 at 27; *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). "Under [the] EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). While fees are authorized, Mejia Cortes must "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses," and include an allegation demonstrating that "the position of the United States was not substantially justified." § 2412(d)(1)(B). Upon filing the application, Respondents must justify their position in any underlying proceedings and district court litigation. *See Hackett*, 475 F.3d at 1170.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[9] The Court intends to enter a final judgment following receipt of Respondents' status report.